UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO RODRIGUEZ,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

No.  2:25-cv-03334 DJC SCR P

FINDINGS & RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed a motion for temporary restraining order ("TRO").  ECF No. 10.  The undersigned recommends that the TRO motion be denied without prejudice as premature, given that plaintiff's complaint has not yet been screened under 28 U.S.C. § 1915A.

**PLAINTIFF'S TRO MOTION**

**I.      Allegations**

Plaintiff's two-page TRO motion requests that High Desert State Prison ("HDSP") be shut down for an inspection by the Department of Public Health.  ECF No. 10.  Plaintiff further requests that defendants Governor Gavin Newsom and the California Department of Corrections and Rehabilitation either close HDSP or clean it up.  The motion references supporting affidavits and a memorandum of law, but no such documents are attached.

////

1

## II.    Legal Standard

A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards. A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).  A plaintiff may also be entitled to a preliminary injunction by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor.  All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  An injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order. . . ."  Fed. R. Civ. P. 65(d)(2).

## III.    Analysis

The undersigned recommends that plaintiff's TRO motion be denied without prejudice as premature.  The undersigned has yet to screen plaintiff's complaint under 28 U.S.C. § 1915A. Without an operative complaint and service on defendants, the court at the very least lacks personal jurisdiction over the parties.  Zepeda, 753 F.2d 719, 727.

A week after plaintiff filed his TRO, he filed a motion to proceed in forma pauperis.  ECF No. 11.  The undersigned had twice ordered plaintiff to do so and warned that a failure to comply would result in a recommendation that this action be dismissed for failure to pay the filing fee and failure to comply with a court order.  ECF Nos. 6, 9.  Now that plaintiff has complied with those orders, the undersigned will proceed to screen his complaint under 28 U.S.C. § 1915A in due course.

////

////

2

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 10) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 26, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE