UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO RODRIGUEZ,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

No. 2:25-cv-03334 DJC SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff, who was formerly incarcerated in state prison, is proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. Because the complaint's requests for injunctive and declaratory relief are moot, and Plaintiff does not seek any other form of relief, the undersigned recommends that the action be dismissed without leave to amend for failure to state a claim. 28 U.S.C. § 1915A(b)(1). For the same reason, the undersigned recommends that Plaintiff's motions to proceed in forma pauperis (ECF Nos. 11, 14) be denied. See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S COMPLAINT

### I. Factual Allegations

Plaintiff's complaint challenges the lack of funding for the upkeep of California's state prisons. He alleges that since the enactment of AB 109, Defendant California Department of Corrections and Rehabilitation ("CDCR") has been allocating most of the funds to the community. ECF No. 1 at 15. As a result, High Desert State Prison ("HDSP"), where Plaintiff was incarcerated, is in dire need of plumbing, electrical, and heating repairs. Id. at 16. Plaintiff further alleges that the California Department of Justice ("DOJ") should fund pilot programs for

the teaching of trades to help parolees once they reenter the workforce and their communities. Id. at 17-18.

In addition to CDCR and the DOJ, the complaint names as Defendants Gavin Newsom, the Board of State and Community Corrections ("BSCC"), and Local 792 Union 1000 S.E.I.O. ECF No. 1 at 12. Plaintiff alleges Defendants' actions constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments. Id. at 20. By way of relief, Plaintiff seeks a declaration that Defendants' acts violated his rights and an injunction requiring Defendants to add more funding to the fiscal budget. Id. at 22. Plaintiff does not seek damages. Id.

## II. Failure to State a Claim

In addition to the statutory screening requirement, federal courts "have an independent duty to consider sua sponte whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). This is because "a case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 584 U.S. 381, 385-86 (2018).

Plaintiff's release from prison moots his claims for declaratory and injunctive relief. The Docket reflects that Plaintiff was granted parole and is no longer in CDCR custody.[1] Generally, an inmate's release from prison while his claims are pending "will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (citation omitted). "The same is true for claims seeking declaratory relief." Alvarez, 667 F.3d at 1064 (citing Rhodes v. Stewart, 488 U.S. 1, 2–4 (1988) (per curiam)); see also Evans v. Skolnik, 997 F.3d 1060, 1071 n.9 (9th Cir. 2021) (dismissing the plaintiff's claims for injunctive and declaratory relief as moot because was no longer incarcerated).

////

[1] Service by mail of the Court's last order to Plaintiff's prison address was returned on May 12, 2026, as "Undeliverable, Parole." See Docket. On June 12, 2026, Plaintiff updated his address to reflect his release from prison. Id.

Here, the injunctive relief that Plaintiff seeks is an addition to the State budget that would fund repairs and programming at HDSP. ECF No. 1 at 22. He also seeks a general declaratory judgment that Defendants' actions violated his rights "under the Constitution and Laws of the United States." Id. at 21-22. These requests are moot because Plaintiff is "no longer subject to the prison conditions or policies he challenges." Alvarez, 667 F.3d at 1064. To the extent the request for general budgetary relief could be read as extending to other inmates, this suit has not been certified as a class action and no other mootness exception applies. See id. at 1065. The possibility that Plaintiff's parole may be revoked in the future is too speculative to fall within the "capable of repetition yet evading review" exception to the mootness doctrine. Id.; see also Reimers v. Oregon, 863 F.2d 630, 632 & n. 4 (9th Cir. 1988) (holding that plaintiff, who had been released from prison, had no reasonable expectation of returning to custody because such a return would occur only if he committed an additional criminal act, but he was "able, and indeed is required by law, to prevent this from occurring").

"[I]t is firmly established that claims for monetary damages survive a prisoner's release from the officers' custody." Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). But here, Plaintiff seeks only injunctive and declaratory relief and expressly rejects any claim for damages. See ECF No. 1 at 22 (requesting "$ 0.00" in compensatory and punitive damages). Accordingly, as Plaintiff "no longer has a legally cognizable interest in the outcome of this case," Alvarez, 667 F.3d at 1064, the undersigned recommends that his claims be dismissed without prejudice as moot. Because the claims' mootness cannot be cured by amendment, the dismissal should be without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend).

**PLAIN LANGUAGE SUMMARY OF ORDER**

Your release from prison has mooted your requests for relief. Therefore, the Magistrate Judge assigned to your case is recommending your complaint be dismissed without leave to amend. You have twenty-one (21) days to file objections to this recommendation.

////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to appoint counsel (ECF Nos. 8, 15) are DENIED as moot.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 11, 14) be DENIED;

2. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE